**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 04 CR 791 |
| | ) |
| NIKITA SHEARS SHABAZZ, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Before the court are Shabazz's motion to suppress and motion for disclosure of informant. The motion for disclosure of informant is denied as moot because the government has revealed his identity. The motion to suppress is based on three separate grounds: (i) the arresting officers did not wait for a response to their "knock and announce" before forcibly entering Shabazz's home; (ii) there was no probable cause on the face of the search warrant affidavit; and (iii) Officer Almanza knowingly provided false information in the affidavit that was necessary to a finding of probable cause.

On the first issue, Shabazz has proffered no evidence to suggest that the officers did not wait a reasonable amount of time following their "knock and announce" before forcibly entering his home. And the police reports' silence on the issue does not, as Shabazz would have it, create an obvious inference that the officers did *not* wait, and it certainly does not create a factual

issue sufficient to entitle him to a hearing.

On the second question, we agree with Shabazz that the warrant affidavit does not contain sufficient indicia of the informant's reliability to support a finding of probable cause. The informant was not identified by name; the informant did not testify at the probable cause hearing; and the affidavit's assertion that "J. Doe has given P.O. Almanza positive information on one prior occasion which revealed to be true [and] accurate information," is devoid of any factual details and therefore adds nothing to the reliability determination. See United States v. Koerth, 312 F.3d 862, 867 (7th Cir. 2002) (conclusory statement that "information was obtained from a reliable source" must be treated as information obtained from an informant of "unknown reliability"). Due to the lack of information regarding the informant's reliability, the warrant was invalid.

Whether the invalidity of the warrant will result in suppression of the evidence is another question. See United States v. Leon, 468 U.S. 897 (1984). A status is set for April 20, 2005 at 11:30 to discuss further proceedings including, if necessary, an evidentiary hearing.

DATE: April 13, 2005

ENTER: _____
John F. Grady, United States District Judge